**STATE of Minnesota, Respondent,**

v.

**Clarence H. REGNIER, Appellant.**

**No. C6-85-1401.**

Court of Appeals of Minnesota.

May 20, 1986.

Hubert H. Humphrey, III, Atty. Gen., Richard J. Coleman, City Atty.'s Office, St. Paul, for respondent.

Edmund C. Meisinger, Jr., West St. Paul, for appellant.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

### OPINION

NIERENGARTEN, Judge.

Appellant Clarence H. Regnier appeals from his judgment of conviction for the petty theft of twenty cans of beer. We reverse.

### FACTS

Railroad Special Agent Terrell Perkins received a telephone call concerning a possible break-in of a rail car on Northwestern's St. Paul railroad yard property. Perkins, while parking his car near the railroad's piggyback facility, noticed Regnier placing what appeared to be a six-pack of beer in the trunk of Regnier's car.

Perkins called his supervisor to meet with him at the piggyback facility to discuss the matter with Regnier. As Perkins waited for his supervisor, he observed several cans of beer, some full, some broken open, on the ground near the rail car where the beer was first reported stolen. The cans had identical shipping markings and label ("Old Milwaukee") as those of the six-pack Regnier placed in his car.

After Perkins' supervisor arrived, the two men spoke with Regnier who, at first, claimed he placed cans of pop in the trunk of his car. When Perkins confronted Regnier that he seen Regnier put beer in the trunk, Regnier admitted it, but maintained the beer was given to him by a fellow employee.

Perkins and his supervisor observed twenty cans of beer in the trunk of Regnier's car, all with the same markings as those found by Perkins near the rail car.

At trial, Perkins testified that the rail car he inspected after observing Regnier place the beer in his car was the only beer car in the railroad yard. The particular car, removed from the Stroh Brewery the day before, was moved to three separate locations on the railroad property before it was sent on to a distributor in Michigan. At each of the three locations beer cans were strewn on the ground near the car.

A switchman for the railroad testified that he first reported the beer cans on the ground on Sunday, the day before the incident involving Regnier. Two days after the criminal complaint was filed, beer cans still remained on railroad property.

There was no evidence to show that the rail car had been opened or tampered with in any way. It is railroad policy that property found in the railroad yard may not be removed by any employee of the railroad.

The trial court, without a jury, convicted Regnier for petty theft, a misdemeanor.

## ISSUE

Was the evidence sufficient to sustain Regnier's conviction of petty theft?

## ANALYSIS

Regnier claims there was no proof of ownership by the railroad of the beer cans allegedly taken by him from the area surrounding the railcar.

At oral argument the State first revealed that Regnier's prosecution and subsequent conviction were founded on Minn.Stat. § 609.52, subd. 2(6) (1984).[1] Under that provision it is necessary to ascertain the true owner of the stolen or lost property and that Regnier did not have the owners permission to take the beer. The record is devoid of any evidence identifying the railroad as the owner of the beer placed by Regnier in the trunk of his car.

The State assumed, throughout the trial, that the beer came from the only beer car on railroad property at the time of the incident. However, Perkins acknowledged that there was no evidence that the railcar in question had been broken into or that a shipper or consignee had made a claim as to any stolen beer from the shipment actually received.

There was evidence the beer cans were in the yard a day before the incident involving Regnier and for several days thereafter. The railroad took no immediate action to clean up the cans or investigate the reasons for the presence of the cans on the ground, normal indicia of ownership rights over the property.[2]

The State presented no evidence to refute Regnier's claim of receiving the beer from a fellow employee.

## DECISION

The State has failed to prove that the railroad owned the property allegedly taken by Regnier.

**Reversed.**

---

1. Section 609.52, subd. 2 provides in part: Whoever does any of the following commits theft and may be sentenced as provided in subdivision 3:
   (6) Finds lost property and, knowing or having reasonable means of ascertaining the true owner, appropriates it to his own use or to that of another not entitled thereto without first having made reasonable effort to find the owner and offer and surrender the property to him * * *.
Minn.Stat. § 609.52, subd. 2(6) (1984).

2. The evidence is at best sketchy as to where the beer cans came from, if not from the rail car itself. A switchman for the railroad testified that employees of the Stroh Brewery located near the rail yard would occasionally ride the trains or walk across the yard to get to their parked cars. Stroh employees are allowed to drink beer on Stroh property. The inference is that Stroh employees left the beer in the yard on their trip from the brewery to the parking lot.